IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

PATRICK D. BANKS                                                    PETITIONER


V.                              NO: 2:05CV00161 JLH/JFF


LINDA SANDERS, Warden,
FCI Forrest City, Arkansas                                       RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States

District Court Judge J. Leon Holmes.  Any party may serve and file written

objections to this recommendation. Objections should be specific and should

include the factual or legal basis for the objection.  If the objection is to a factual

finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the

office of the United States District Court Clerk no later than eleven (11) days from

the date of the findings and recommendations. The copy will be furnished to the

opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus

petition pursuant to 28 U.S.C. § 2241.  For the reasons that follow, the Magistrate

Judge undersigned recommends that the petition be granted.

## I.  BACKGROUND.

On August 21, 2002, Petitioner plead guilty in the United States District Court for

the Northern District of Mississippi to attempt to distribute crack cocaine. On November

6, 2002, the district court entered a judgment sentencing Petitioner to forty-eight (48)

months imprisonment, with three (3) years supervised release. Petitioner currently is

serving his sentence at the Federal Correctional Institution in Forrest City, Arkansas.

On July 14, 2005, Petitioner filed his § 2241 petition in this Court.  He challenges

a new rule of the Federal Bureau of Prisons ("BOP"), which took effect on February 14,

2005, limiting the duration of confinement in a community corrections center ("CCC")[1]

to "the last ten percent of the prison sentence being served, not to exceed six months"

(hereinafter referred to as the "February 2005 Rule"). 28 C.F.R. § 570.21(a).  Petitioner

alleges that he has been informed that he will only be eligible to serve the last ten

percent of his sentence in a CCC.  Petitioner contends that he is entitled to serve the

last six months of his sentence in a CCC.  For relief, Petitioner requests, *inter alia*, that

this Court direct the BOP to consider, in good faith, transferring Petitioner to a CCC for

the last six months of his sentence "in accordance with the [BOP's] pre-December 2002

policy."

---

[1]  CCCs are BOP contract facilities, commonly referred to as halfway houses. They "provide suitable residence, structured programs, job placement, and counseling, while the inmates' activities are closely monitored." BOP P.S. 7310.04 ¶ 7(a) (Dec. 16, 1998).

## II. DISCUSSION.

**A. Exhaustion.**

The Respondent asserts that Petitioner's § 2241 petition should be dismissed because he has failed to exhaust the administrative remedies made available to him by the BOP.  Exhaustion of administrative remedies is generally a prerequisite to filing a § 2241 petition. United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000).  However, a petitioner does not have to exhaust his administrative remedies if it would be futile to do so. Duvall v. Purkett, 15 F.3d 745, 746 (8th Cir.), cert. denied, 512 U.S. 1241 (1994); Pimentel v. Gonzalez, 367 F. Supp. 2d 365, 371-72 (E.D.N.Y. 2005).

The BOP, in promulgating the February 2005 Rule, has determined that federal prisoners are not entitled to placement in a CCC for more than ten percent of the sentence being served. If Petitioner were to seek relief through the BOP's administrative process, his challenge to the February 2005 Rule undoubtedly would be denied.   Under the circumstances, the Magistrate Judge finds that exhaustion of administrative remedies would be futile and that, therefore, exhaustion is not required. Pimentel, 367 F. Supp. 2d at 371-72.

**B. Relief on the Merits.**

**1. The Statutory Framework.**

Two federal statues govern the designation of a federal prisoner's place of imprisonment, Title 18 U.S.C. § 3621 and Title 18 U.S.C. § 3624.  Title 18 U.S.C. § 3621 provides in pertinent part:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any

available penal or correctional facility that meets the minimum standards of health and habitability established by the Bureau . . . that the Bureau determines to be appropriate and suitable, considering - -

    (1) the resources of the facility contemplated;

    (2) the nature and circumstances of the offense;

    (3) the history and characteristics of the prisoner;

    (4) any statement by the court that imposed the sentence --

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

. . . The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another.

Title 18 U.S.C. § 3624 provides in pertinent part:

(c) Pre-release custody. The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, *not to exceed six months*, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement. The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during such pre-release custody. (emphasis added).

## 2.  The BOP's December 2002 Policy.

For a number of years, the BOP regularly transferred prisoners from prison to community confinement for the last six months of their sentences, regardless of whether the six-month period exceeded ten percent of their sentences. This practice, which is generally known as "back end" entry, was permitted by an internal BOP guideline. BOP P.S. 7310.04 ¶ 5.

On December 13, 2002, the Office of Legal Counsel for the United States Department of Justice (OLC) issued a memorandum opinion stating that the authority

conferred under 18 U.S.C. § 3624(c) to transfer a prisoner to community confinement "is clearly limited to a period 'not to exceed six months, of the last 10 per centum of the time to be served,' 18 [U.S.C.] § 3624[c], and we see no basis for disregarding this time limitation." OLC Mem. Op. for Dep. Att. Gen., <u>Re: Bureau of Prisons Practice of Placing in Community Confinement Certain Offenders Who Have Received Sentences of Imprisonment</u>, at 7 n. 6 (Dec. 13, 2002). The United States Attorney General adopted the OLC's position in a memorandum dated December 16, 2002, from Larry D. Thompson, Deputy Attorney General, to Kathleen Hawk Sawyer, who was then the BOP Director. Dep. Att. Gen. Memo., <u>Community Corrections Center Placement of Offenders Sentenced to Terms of Imprisonment Under Federal Sentencing Guidelines</u> (Dec. 16, 2002).   In response, the BOP, on December 20, 2002, adopted a new back end entry policy limiting the duration of confinement in a CCC to "**the last 10% of the prison sentence, not to exceed six months**" (hereinafter referred to as the "December 2002 Policy"). BOP Memo. for Chief Executive Officers, at 2 (Dec. 20, 2002).

The BOP's December 2002 Policy spawned numerous legal challenges from federal prisoners. Courts in this district upheld the policy on the basis that it was consistent with the plain language of 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c). <u>Elwood v. Jeter</u>, No. 2:03CV00202 JTR, slip op. at 5-9 (E.D. Ark. May 5, 2004); <u>Watkins v. Jeter</u>, No. 2:04CV00002 JWC, slip op. at 6-9 (E.D. Ark. May 14, 2004); <u>Hathorn v. Jeter</u>, No. 2:04CV00048 HDY, slip op. at 13-17 (E.D. April 22, 2004); <u>Newton v. Jeter</u>, No. 2:04CV00013 GH/HDY, recommended disposition at 13-17 (E.D.

Ark. March 15, 2004), adopted by order of district court (April 14, 2004). These courts harmonized the statutes, concluding that § 3621(b) gives the BOP the general authority to make placement decisions, while § 3624(c) imposes specific time limits upon CCC placement, unambiguously limiting placement of an inmate in a CCC to the last ten percent of the term, not to exceed six months. Elwood, No. 2:03CV00202 JTR, at 7-9; Watkins, No. 2:04CV00002 JWC, at 7-8; Hathorn, No. 2:04CV00048 HDY, at 14-16; Newton, No. 2:04CV00013 GH/HDY, at 14-15.

On October 18, 2004, the Eighth Circuit reversed the decision in Elwood v. Jeter, concluding that the December 2002 Policy was based on an erroneous interpretation of § 3621(b) and § 3624(c). Elwood v. Jeter, 386 F.3d 842, 845-47 (8th Cir. 2004).  The Eighth Circuit held that "§ 3621(b) gives the BOP discretion to transfer prisoners to CCCs at any time during their incarceration." Id. at 847. The Court further held that pursuant to § 3624(c) "the BOP is required to place prisoners in 'conditions that will afford [them] a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community' during a reasonable part of the last ten percent of the prisoner's term, to the extent practicable." Id. (quoting 18 U.S.C. § 3624(c)). The Court concluded that "[t]his duty shall not extend beyond the last six months of the prisoner's sentence." Id.  In so holding, the Court stated:

> We emphasize . . . that 18 U.S.C. § 3624(c) does not require placement in a CCC.  It only obligates the BOP to facilitate the prisoner's transition from the prison system.  Under § 3621(b), the BOP may place a prisoner in a CCC for six months, or more. Under § 3624(c), the BOP must formulate a plan of pre-release conditions. This plan may include CCC placement, home confinement, drug or alcohol treatment, or any other plan that meets the obligations of a plan that addresses the prisoner's re-entry into the community. Likewise, the obligation is qualified by the

–7–

phrase, "to the extent practicable." Security concerns or space limitations
in a CCC near the prisoner's home are among the factors that may make
it impractical to transfer a prisoner to a CCC for all or even part of the
transition period.

Id.

Upon remand, the district court entered an order directing that:

Pursuant to the Eighth Circuit's opinion in Elwood v. Jeter, 386 F.3d 842
(8th Cir. 2004) . . ., Respondent shall: (a) consider, in good faith,
transferring Petitioner to a CCC for the last six months of his sentence in
accordance with the factors taken into account by the BOP prior to its
adoption of the December 2002 policy; and (b) place Petitioner in
conditions that will afford him a reasonable opportunity to adjust to and
prepare for his reentry into the community during a reasonable part of the
last ten percent of his term, to the extent practicable.fn3 (This duty shall
not extend beyond the last six months of Petitioner's sentence. Elwood
v. Jeter, 386 F.3d 842, 846-47.)

Elwood v. Jeter, No. 2:03CV00202 JTR, slip op. at 3-4 (E.D. Ark. Jan. 3, 2005).

Petitioner appealed from this order, and the Eighth Circuit summarily affirmed

the decision of the district court. Elwood v. Jeter, No. 05-1338 (8th Cir. Feb. 9, 2005).

**3. The BOP's February 2005 Rule**.

In response to rulings by various courts upholding challenges to the BOP's

December 2002 Policy, the BOP proposed a new rule under the Administrative

Procedure Act's notice-and-comment procedure that purported to remedy the infirmities

found by those courts. Community Confinement, Proposed Rule, 69 Fed. Reg. 51213

(Aug. 18, 2004). In response to the findings of several courts that the BOP has

discretion under § 3621(b) to place prisoners in CCCs prior to the last ten percent of

the prison sentence being served, the BOP, while acknowledging that it has such

discretion, proposed to "exercise its discretion categorically to limit inmates' community

confinement to the last ten percent of the prison sentence being served, not to exceed

six months." Id.  The BOP explained that "[t]his categorical exercise of discretion is

permissible based on the Supreme Court's recognition that, even when a statutory

scheme requires individualized determinations, the decisionmaker has authority to rely

on rulemaking to resolve certain issues of general applicability (unless Congress clearly

expresses an intent to withhold that authority)." Id.  (citing Lopez v. Davis, 531 U.S. 230,

243-44 (2001)).  The proposed rule became effective on February 14, 2005.

Community Confinement, Final Rule, 70 Fed. Reg. 1659 (Jan. 10, 2005).  The February

2005 Rule, which is codified at 28 C.F.R. §§ 570.20-570.21, provides:

§ 570.20.  What is the purpose of this subpart?

(a) This subpart provides the Bureau of Prisons' (Bureau) categorical
exercise of discretion for designating inmates to community confinement.
The Bureau designates inmates to community confinement only as part
of pre-release custody and programming which will afford the prisoner a
reasonable opportunity to adjust to and prepare for re-entry into the
community.

(b) As discussed in this subpart, the term "community confinement"
includes Community Corrections Centers (CCC) (also known as "halfway
houses") and home confinement.

§ 570.21   When will the Bureau designate inmates to community
confinement?

(a) The Bureau will designate inmates to community confinement only as
part of pre-release custody and programming, during the last ten percent
of the prison sentence being served, not to exceed six months.

(b) We may exceed these time-frames only when specific Bureau
programs allow greater periods of community confinement, as provided
by separate statutory authority (for example, residential substance abuse
treatment program (18 U.S.C. 3621(e)(2)(A)), or shock incarceration
program (18 U.S.C. 4046(c)).

Like the December 2002 Policy that the Eighth Circuit held to be invalid in Elwood v. Jeter, the February 2005 Rule limits placement in a CCC to the last ten percent of the prison sentence being served, not to exceed six months, the only exception being when a specific BOP program allows a greater period of community confinement pursuant to separate statutory authority. The BOP's adoption of the February 2005 Rule has led to the filing of numerous lawsuits challenging the rule. Several courts, including two judges in this district,[2] have held that the rule is invalid, concluding that the legislative history of § 3621(b) requires that the BOP consider the factors set forth in the statute[3] prior to arriving at a determination regarding the appropriate facility for a given inmate, but that the rule fails to consider these factors with respect to placement of inmates in a CCC. Fults v. Sanders, No. 2:05CV00091 GH/HLJ, recommended disposition at 7-8 (E.D. Ark. July 8, 2005), adopted by order of district court (July 22, 2005); Jones v. Sanders, No. 2:05CV00047 HLJ, slip op. at 7-8 (E.D. Ark. July 7, 2005); Mayers v. Sanders, No. 2:05CV00055 HLJ, slip op. at 7-8 (E.D. Ark. July 7, 2005); Pimentel, 367 F. Supp. 2d at 375-76; United States v. Paige, 369 F. Supp. 2d 1257, 1262-63 (D. Mont. 2005); Cook v. Gonzales, 2005 U.S. Dist. LEXIS 8771 at 6-7 (D. Or. April 5, 2005); Drew v. Menifee, 2005 U.S. Dist. LEXIS 3423 at 7-8 (S.D.N.Y. March 4, 2005). See also  Wiederhorn v. Gonzales, 2005 U.S. Dist. LEXIS 15079 at 3-5 (D. Or. May 9, 2005) (agreeing with the decision in Cook, 2005

---

[2]  United States District Judge George Howard, Jr., and United States Magistrate Judge Henry L. Jones, Jr.

[3]  These factors include the nature and circumstances of the offense and the history and characteristics of the prisoner, as well as other factors. 18 U.S.C. § 3621(b).

U.S. Dist. LEXIS 8771, that the February 2005 Rule is invalid). <u>Contra</u> <u>Yip v. Fed.</u> <u>Bureau of Prisons</u>, 363 F. Supp. 2d 548, 551-52 (E.D.N.Y. 2005) (rejecting petitioner's arguments that the February 2005 Rule is contrary to 18 U.S.C. § 3621(b) and an unreasonable exercise of the BOP's discretion and finding that the BOP is "authorized to create categorical rules even where a statute requires individualized determinations"); <u>Defrancesco v. Fed. Bureau of Prisons</u>, 2005 U.S. Dist. LEXIS 14967 at 12 (D.N.J. July 20, 2005) (concluding that "the February 2005 policy represents a reasonable interpretation of § 3621(b)" and that "Congress did not express a clear intent to limit the BOP's authority to regulate its discretion under § 3621(b) by adopting categorical rules such as the February 2005 policy, even though § 3621(b) provides for individualized determinations"); <u>Moss v. Apker</u>, 2005 U.S. Dist. LEXIS 13487 at 11 (S.D.N.Y. July 6, 2005) (concluding that the February 2005 Rule represents "a reasonable interpretation of § 3621(b)" and "a lawful exercise of the BOP's discretion under § 3621(b)"); <u>Troy v. Apker</u>, 2005 U.S. Dist. LEXIS 14275 at 3 (S.D.N.Y. June 30, 2005) (upholding the February 2005 Rule as "a permissive exercise of the discretion accorded the BOP under § 3621"); <u>Wiesel v. Menifee</u>, 2005 U.S. Dist. LEXIS 8019 at 8 (S.D.N.Y. May 2, 2005) (concluding that "the BOP's creation of a categorical CCC designation rule is a permissible interpretation of the discretion afforded to it by § 3621(b)").

    In concluding in <u>Fults v. Sanders</u> that the February 2005 Rule is invalid, United States District Judge George Judge Howard, Jr., adopting the recommendation of Magistrate Judge Henry L. Jones, Jr., found:

This court does not doubt the BOP, in implementing the statutes governing placement of inmates, can "rely on rulemaking to resolve certain issues of general applicability unless Congress clearly expresses an intent to withhold that authority." Lopez v. Davis, 531 U.S. 230, 244 (2001). In Lopez, the Court upheld a BOP regulation excluding offenders who had possessed a firearm during their offense from participating in the early release program established under 18 U.S.C. § 3621(e)(2)(B). "The Bureau is not required continually to revisit 'issues that may be established fairly and efficiently in a single rulemaking proceed[ing] . . . . The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early-release decision[.]'" Id.

As a District Court in the Eastern District of New York has observed, however,

> [h]ere, rather than merely delineate the boundaries of its discretion consistent with congressional intent as in Lopez, the February 2005 Rule removes all discretion in all cases in determining whether to transfer an inmate to a CCC at any time prior to the last ten percent of the inmate's sentence. While BOP has the authority to clarify the contours of its discretionary authority as it relates to certain classes of issues, this court is unconvinced that BOP may categorically remove its entire ability to exercise its discretion, where, as here, the enabling statute provides specific factors relevant to whether CCC placement may be appropriate prior to the last ten percent of a prisoner's sentence.
>
> *   *   *
>
> Although Section 3621(b) sets forth several factors intended to inform BOP's decision-making with regard to CCC placement prior to the last ten percent of an inmate's sentence, unlike the rule promulgated in Lopez, the February 2005 Rule in no way furthers or interprets these factors.

Pimentel v. Gonzalez, [367 F. Supp. 2d 365, 374-75 (E.D.N.Y. 2005)]. The court [in Pimentel] further found the legislative history for § 3621(b) "call on the agency to consider" the factors set forth in the statute and concluded that the "February 2005 Rule fails because it in no way relates to or considers these factors with regard to transfer to a CCC." [footnote

omitted.] This court agrees. While the BOP labeled the rule a "categorical exercise of discretion" it did not exercise its discretion at all.  It merely re-packaged the December 2002 blanket rule that was rejected in <u>Elwood</u>.

<u>Fults</u>, No. 2:05CV00091 GH/HLJ, recommended disposition at 6-8.

### 4. Petitioner's Petition.

In his § 2241 petition, Petitioner contends, *inter alia*, that the February 2005 Rule is invalid for the reasons set forth by Judge Howard in <u>Fults</u>.   He also contends that application of the February 2005 Rule to him violates the *Ex Post Facto* Clause. Petitioner alleges that he has been informed that he will only be eligible to serve the last ten percent of his sentence in a CCC.  Petitioner contends that he is entitled to serve the last six months of his sentence in a CCC.  For relief, Petitioner requests, *inter alia*, that this Court direct the BOP to consider, in good faith, transferring Petitioner to a CCC for the last six months of his sentence "in accordance with the [BOP's] pre-December 2002 policy."

The Magistrate Judge finds that Judge Howard's decision in <u>Fults</u> is well-reasoned and adopts the rationale of the decision. Accordingly, the Magistrate Judge finds that the BOP's February 2005 Rule is invalid. As the Court found in <u>Fults</u>, the legislative history of § 3621(b) requires that the BOP consider the factors set forth in the statute prior to arriving at a determination regarding the appropriate facility for a given inmate, but the February 2005 Rule fails to consider these factors with respect to placement of inmates in a CCC.  The Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be granted[4] and that the

---

[4]  The Magistrate Judge finds that there is no need to address Petitioner's *Ex Post Facto* claim.

Respondent be directed to (a) consider, within twenty days and in good faith, transferring Petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 Policy; and (b) place Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months. See Fults, No. 2:05CV00091 GH/HLJ, recommended disposition at 8.

In so recommending, the Magistrate Judge notes that Respondent contends, *inter alia*, that § 2241 is not the appropriate remedy for Petitioner's claims because a habeas action challenges the length or duration of confinement and Petitioner's challenge to the BOP's February 2005 Rule does not involve the length or duration of confinement. While this argument has some appeal,[5] the Eighth Circuit in Elwood v. Jeter reversed the denial of the petitioner's § 2241 petition challenging the BOP's December 2002 Policy regarding CCC placement. Under the circumstances, it is doubtful that the Eighth Circuit would hold that § 2241 is not an appropriate remedy to

---

[5] Generally, a prisoner may not use § 2241 to challenge non-durational changes in his custody status. Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir.), judgment vacated as moot, 268 F.3d 953 (10th Cir. 2001). See Pischke v. Litscher, 178 F.3d 497, 499 (7th Cir.) (recognizing that habeas corpus is "the proper vehicle" when the petitioner is seeking to "get out" of custody, but not when he is simply challenging the location of his custody), cert. denied, 528 US. 954 (1999).  One district court has held that a habeas petition under § 2241 is not the appropriate remedy to compel the BOP to immediately make a determination as to a prisoner's eligibility for pre-release designation to a CCC pursuant to the BOP's pre-December 20, 2002, policies because such an action does not challenge the length of the sentence, but only the level of custody. Scott v. Fed. Bureau of Prisons, 317 F.Supp. 2d 529, 531-33 (D.N.J. 2004).

challenge the BOP's February 2005 Rule concerning CCC placement.  Until the Eighth Circuit decides otherwise, the Magistrate Judge finds that a federal prisoner may challenge the BOP's February 2005 Rule by filing a petition for writ of habeas corpus pursuant to § 2241.

Respondent also argues that Petitioner has failed to state a claim upon which the relief he seeks may be based because Petitioner "has no constitutional right to be housed in any particular type of facility, much less a half-way house." This argument is without merit.  It is not necessary to assert a constitutional violation in order to state a claim pursuant to § 2241.  A § 2241 petition can be predicated on a violation of either the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  In Elwood v. Jeter, the Eighth Circuit reversed the denial of the petitioner's § 2241 petition challenging the BOP's December 2002 Policy regarding CCC placement, not because of a violation of the Constitution, but on the basis that the policy was based on an erroneous interpretation of § 3621(b) and § 3624(c). Elwood v. Jeter, 386 F.3d at 845-47.

Finally, Respondent argues that Petitioner has failed to state a claim upon which the relief he seeks may be based because the February 2005 Rule is consistent with the relevant statutes and case law and is a permissible interpretation of 18 U.S.C. §§ 3621(b) and 3624(c).  These arguments are foreclosed by Judge Howard's decision in Fults.

## III.  CONCLUSION.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be granted and that the Respondent be directed to (a) consider, within twenty days and in good faith,

transferring Petitioner to a CCC for the last six months of his sentence in accordance with the factors taken into account by the BOP prior to its adoption of the December 2002 Policy; and (b) place Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months.

      Dated this 6th day of September, 2005.


                _____/s/ John F. Forster, Jr._____
                UNITED STATES MAGISTRATE JUDGE